# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| DESMOND WASHINGTON, ) | |
| ) | |
| Plaintiff, ) | Case No. 19-cv-0256 |
| ) | |
| v. ) | Judge Sharon Johnson Coleman |
| ) | |
| OFFICER BRIAN WAINSCOTT, et. al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Desmond Washington, by counsel, filed a complaint against defendants City of North Chicago, North Chicago police officer Ben Fapso, City of Mundelein, and Mundelein police officer Brian Wainscott alleging constitutional violations. *See* 42 U.S.C. § 1983. Defendants filed motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), after which Washington's counsel moved to withdraw. The Court granted counsel's motion and held oral argument on the motions to dismiss. After oral argument, the parties filed additional briefs.

For the reasons stated below, the Court grants defendants' motions with and without prejudice. The Court further grants Washington leave to reallege his Fourth Amendment claim and any attendant *Monell* liability claims. *See Runnion v. Girl Scouts of Greater Chicago & Nw. Ind.,* 786 F.3d 510, 518 (7th Cir. 2015) (there is a "presumption in favor of giving plaintiffs at least one opportunity to amend."). The Court dismisses Washington's Fourteenth Amendment claim with prejudice.

The Court recruits counsel for plaintiff due to the legal and factual difficulty of his Fourth Amendment claim. Specifically, the Court recruits Robert S. Grabemann of Daspin & Augment, 300 S. Wacker Drive, Suite 2200, Chicago, Illinois 60606, to represent plaintiff in accordance with counsel's trial bar obligations under Northern District of Illinois Local Rule 83.37. Counsel shall enter an appearance in this case at his earliest convenience.

**Background**

Accepting all well-pleaded allegations as true, officers Wainscott and Fapso executed a no-knock warrant at Washington's residence on October 30, 2014, and at some point they arrested him. According to Washington, Wainscott and Fapso falsely identified him as a member of the Four Corner Hustler street gang and relayed this information to the Lake County, Illinois State's Attorney's Office. The prosecutor charged Washington and twenty-six others with violating the Illinois RICO statute based on a police investigation that collected hundreds of hours of electronic criminal surveillance concerning the Four Corner Hustlers drug trafficking conspiracy. Washington asserts that the hundreds of hours of surveillance did not implicate him in any criminal activity. The prosecutors dismissed the charges against Washington on February 23, 2018, after he had spent 30 months as a pretrial detainee in the Lake County Jail.

**Legal Standard**

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim tests the sufficiency of the complaint, not its merits. *See Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014). When considering dismissal of a complaint, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in favor of the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (per curiam); *Trujillo v. Rockledge Furniture LLC*, 926 F.3d 395, 397 (7th Cir. 2019). To survive a motion to dismiss, plaintiff must "state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) ("factual allegations must be enough to raise a right to relief above the speculative level."). A complaint is facially plausible when plaintiff alleges "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

**Discussion**

Washington first brings a Fourteenth Amendment due process claim alleging wrongful pretrial detention based on fabricated evidence. The Seventh Circuit, however, has held that "the Fourth Amendment, not the Due Process Clause, is the source of the right in a § 1983 claim for unlawful pretrial detention, whether before or after the initiation of formal legal process." *Lewis v. City of Chicago*, 914 F.3d 472, 479 (7th Cir. 2019). The Court therefore dismisses Washington's Fourteenth Amendment claim with prejudice and considers all of Washington's arguments and allegations under the Fourth Amendment.

Washington specifically alleges that the false information at issue is that he was a member of the Four Corner Hustlers and that he was involved in drug trafficking. He asserts that this false information was the basis for the criminal charges brought against him. Washington also contends that Fapso and Wainscott testified about the fabricated evidence during his criminal proceedings, although the prosecution dismissed his charges before trial. In short, he alleges that the use of fabricated evidence resulted in an unreasonable pretrial seizure violating the Fourth Amendment.

Washington's allegations lack sufficient factual details to plausibly state a claim against Wainscott and Fapso. *See Catinella v. Cty. of Cook*, 881 F.3d 514, 516 (7th Cir. 2018) (to state a plausible claim for relief, a plaintiff must allege "enough details about the subject-matter of the case to present a story that holds together.") (citation omitted). For an individual to be liable for a constitutional violation, that individual must have been personally involved or responsible for the alleged constitutional deprivation. *Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018). Washington's allegations of Wainscott's and Fapso's involvement are bare-boned and conclusory. He alleges, for example, that the officers provided "false information," but vaguely refers to that information as his gang membership and that he was not implicated in the surveillance videos. Washington further makes the conclusory statement that the officers provided this information to prosecutors, which

resulted in his unlawful pretrial detainment. At oral argument, Washington admitted that he did not know how Fapso participated in the "whole thing," although he explained that the officers lied. He also asserts that the officers were not certified by the State of Illinois to be Electronic Criminal Surveillance Officers, but a violation of a state regulation does not amount to a constitutional violation. *Thompson v. City of Chicago*, 472 F.3d 444, 454 (7th Cir. 2006) ("the violation of police regulations or even a state law is completely immaterial as to the question of whether a violation of the federal constitution has been established.").

As to the municipal defendants, Washington alleges a respondeat superior claim against the City of Mundelein, but did not address the City's arguments concerning the requirements for sufficiently alleging municipal liability under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). To adequately allege *Monell* liability, a plaintiff must set forth facts permitting the inference that an unconstitutional practice was widespread and that the violation was not an isolated incident. *See Gill v. City of Milwaukee*, 850 F.3d 335, 344 (7th Cir. 2017). Washington has failed to allege any facts concerning the City of Mundelein's liability, let alone facts that raise a reasonable inference that Mundelein had an unconstitutional practice which caused his constitutional injury.

Last, Washington brings an indemnification claim against the City of North Chicago pursuant to 745 ILCS 10/9-102, which may be appropriate if Fapso is found liable for the Fourth Amendment violation. Indeed, if Wainscott is liable, Mundelein may also have a duty to indemnify.

**Conclusion**

Based on the foregoing, the Court grants defendants' motions to dismiss with and without prejudice. [17, 24, 27]. The Court further grants plaintiff leave to file an amended complaint as to his Fourth Amendment claim and any attendant *Monell* claims. The Court grants North Chicago's motion to adopt the other defendants' legal arguments. [30].

4

IT IS SO ORDERED.

DATED: 10/8/2019

SHARON JOHNSON COLEMAN
United States District Court Judge